14-4170-cr
*United States v. Grafton*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand seventeen.

Present:
> PETER W. HALL,
> DEBRA A. LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                      14-4170-cr

KENNETH GRAFTON,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellant: | Matthew Brissenden, Garden City, New York. |
| For Appellee: | Burton T. Ryan, Jr., Susan Corkery, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York. |

---

1

Appeal from an order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **AFFIRMED**.

Kenneth Grafton appeals from the revocation of his supervised release and corresponding sentence of 51 months' imprisonment and an additional term of three years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal.

We review the district court's finding of a violation of supervised release for abuse of discretion and its factual findings for clear error. *United States v. Spencer*, 640 F.3d 513, 520 (2d Cir. 2011). A district court may revoke supervised release upon finding "by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e)(3).

In this case, the Government offered the following evidence recovered from Grafton and the vehicle he was driving following a traffic stop: roughly 2 grams of marijuana, 1.35 grams of cocaine, and .25 grams of methamphetamine; ziplock baggies; and glassine envelopes. At Grafton's revocation hearing, the Government also introduced the testimony of Probation Officer Dennis Stickley and New York State Trooper Michael Burmann. On the basis of the evidence presented, the district court found that the Government had met its burden by a preponderance of the evidence and revoked Grafton's supervised release. Apparently because of the

variety of drugs and the various packaging materials that were recovered, the district court inferred that Grafton had engaged in Criminal Possession of a Controlled Substance with Intent to Sell, a "Grade A" violation under § 7B1.1(a)(1) of the Sentencing Guidelines. We conclude the district court acted within the bounds of its discretion in so concluding.

Grafton's reliance on our decision in *United States v. Boissoneault*, 926 F.2d 230 (2d Cir. 1991) is misplaced. In *Boissoneault*, we held that evidence consisting of roughly $1,460 in cash, roughly five grams of cocaine, and papers that could indicate drug distribution activity was insufficient to sustain a conviction for possession with intent to distribute a controlled substance. *See id.* at 231. Critically, however, the evidence in *Boissoneault* was assessed against the higher standard of proof required for criminal convictions: proof beyond a reasonable doubt. *Id.* at 235.

Here, only proof by a preponderance of the evidence is necessary to support a supervised release revocation. 18 U.S.C. § 3583(e)(3). That lesser standard of proof, coupled with our deferential review for abuse of discretion, leads us to conclude that, under the circumstances of this case, the district court did not exceed the bounds of its discretion in revoking Grafton's supervised release. We need not decide whether the evidence presented at Grafton's revocation hearing would be sufficient to support a criminal conviction for possession with intent to distribute, nor do we suggest that any particular amount of drugs and quantity of packaging material would necessarily support a revocation of supervised release. We conclude only that in these circumstances, the district court did not abuse its discretion by

concluding that the Government met its burden to show by a preponderance of the evidence that Grafton possessed a controlled substance with intent to sell.

We have considered Grafton's remaining arguments and find them to be without merit. Accordingly, the district court's order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk